UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KEENAN KESTER COFIELD, | ) | CASE NO. 4:07 CV 1172 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| NORTHEAST OHIO CORR. CTR., et al., | ) | |
| | ) | |
| Respondents. | ) | |

On April 20, 2007, pro se petitioner Keenan Kester Cofield filed a petition in this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the petition against respondents Northeast Ohio Correctional Center (N.E.O.C.C.), Warden Robert M. Tapia at N.E.O.C.C., the United States Attorney General, the Director of the Federal Bureau of Prisons ("BOP"), the Director of the Federal Bureau of Investigation ("FBI") and the B.O.P. Mr. Cofield, who is incarcerated at N.E.O.C.C., claims that his right to due process is being violated because respondents refuse to correct errors in his Presentence Report (PSR) which affect his prison classification status. He seeks immediate release from confinement.

*Background*

Mr. Cofield was indicted on criminal charges in the United States District Court for the District of Maryland in 2004. See United States v. Cofield, No. 04-MJG-0099 (D. Md. 2004). The court sentenced him on May 5, 2005 to an undisclosed term of imprisonment.

In his petition before this court, Mr. Cofield raises twelve grounds upon which he

asserts he is entitled to habeas relief from this court. Specifically, he asserts: (1) the court and the BOP relied upon an inaccurate PSR; (2) the BOP's reliance on the inaccurate PSR is contrary to U.S.S.G. §2B1.1(C); (3) the PSR failed to reflect that he was entitled to a "credit" because he had returned funds to the victim/bank; (4) the court was precluded from using his 1991 Tennessee conviction because it occurred while he was 'in custody' serving an allegedly illegal 1982 conviction in Alabama; (5) shortly after his federal sentence was imposed the state court of Maryland imposed a 4 years sentence to run concurrent with his federal sentence even though he was not present or appointed counsel; (6) the probation officer failed to advise him that multiple terms of imprisonment are treated as aggregate terms of imprisonment; (7) he was entitled to credit for the period of time he was under house arrest; (8) he was entitled to credit from the date he was arrested on January 29, 2005 while on house arrest;(9) he is entitled to apply accumulated credits to his federal sentence, nunc pro tunc, from February 24, 2004 pursuant to 18 U.S.C. § 3621; (10) the trial court twice stated that it imposed a 10 month sentence which was illegal; (11) the court never imposed a term of supervised release, and (12) the court advised that his sentence should be served in home confinement.

Under the heading, "Administrative Remedies Exhausted," Mr. Cofield makes the general statement that he "previously filed several times with the BOP Central Office in Washington, DC, then Mid-Atlantic Regional Office, to the Northeast Regional Offices and National BOP Designation Unit in Texas, along with other Units of the BOP and U.S. Probation Offices, the allegations and claims alleged herein. Relief **denied** . . ." (Pet. at 6)(emphasis in original). Because he does not provide the dates or copies of any responses he may have received the court is unaware of the basis upon which the BOP denied his request for relief.

*28 U.S.C. §2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).  Here, Mr. Cofield has commingled the nature of his claims by attacking the sentence imposed by the court, as well as the manner in which the BOP is executing his sentence.

The court will first address Mr. Cofield's challenges to the execution of his sentence because it does have personal jurisdiction over the warden at the prison where he is being held.  See Roman v. Ashcroft, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained). Notwithstanding this court's jurisdiction over his custodian, however, Mr. Cofield has otherwise failed to state a basis upon which this court can grant relief.

*Presentence Report(PSR)*

The concerns Mr. Cofield expresses regarding 'inaccuracies' in his PSR are so vague and generalized that they fail to link any alleged errors in his PSR to the sentence he is currently serving.  Specifically, petitioner claims that the Grand Jury charged him with violating "18 U.S.C.

3

§ 510, but described the offense of a § 371 offense. . . . The Presentence Report alleged in the PLEA AGREEMENT that the Petitioner/Inmate was charged in violation of 18 U.S.C. § 371." (Pet. at 1.) Assuming the truth of this statement, and that he pleaded guilty to violating § 371, Mr. Cofield has not explained how this error is affecting the manner in which the BOP is executing his sentence. Without an alleged injury, the court cannot grant relief.

*18 U.S.C. § 3584*

Mr. Cofield complains that the Probation Officer failed to advise him that, pursuant to 18 U.S.C. § 3584(c), multiple terms of imprisonment must be treated as a single, aggregate term of imprisonment. Moreover, the BOP has failed to aggregate his sentence and multiple terms of imprisonment into a single term. It is his contention that if his State and federal sentences were aggregated he would be released immediately. The basis for this theory is founded on his belief that when he "was released on State mandatory parole, and pursuant 28 CFR § 2.16, the federal term is subject to the same terms and conditions, with immediate release. . . . The Probation Officer and BOP **shall**, aggregate the instant federal terms as described herein, pursuant to 18 U.S.C. § 3583(c), and 28 CFR § 2.5, then correct or provide an ADDENDUM to the PSR and Order the release of the Petitioner from custody, **immediately**." (Pet. at 4)(emphasis in original.)

The relevant statute provides only that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. §3584(c). There is nothing in the statute which mandates that an unexpired concurrent sentence must terminate once the length of the shorter concurrent sentence ends. Therefore, although he provides no details to the court regarding the length of his federal or state sentence, petitioner is not entitled to immediate release based on an interpretation of the statute

4

unsupported by case law.

*Sentence Credit*

Mr. Cofield claims he was placed under house arrest on February 24, 2004. Citing what appears to be a provision in the Sentencing Guidelines, he maintains that home confinement is synonymous with imprisonment. As such, he claims he is entitled to sentencing credit pursuant to 18 U.S.C. 3585(b)(1) for every day he was under house arrest. He claims that § 5C1.1(e)(1)(3) of the U.S.S.G. entitles him to credit from February 24, 2004 until the "Start date of the State term for which the Petitioner is on State parole."(Pet. at 4.)

Chapter Five, "Determining The Sentence," of the U.S.S.G. addresses how the court imposes a term of imprisonment based on the applicable Guideline Range at the time of sentencing. The section to which Mr. Cofield refers is the "Schedule of Substitute Punishments." It is in that section of the Guidelines where it notes, "[o]ne day of home detention for one day of imprisonment." U.S.S.G. §5C1.1(e)(1)(3). From this, Mr. Cofield extrapolates that he is entitled to sentencing credit under § 3585.

Mr. Cofield's argument presupposes that he was in official detention when he was under house arrest. This is not a theory supported by relevant case law. Medina v. Clark, 791 F. Supp. 194 (W.D. Tenn. 1992) ("plain meaning of the term "detention," as it is used in [18 U.S.C. 3585], excludes pretrial and post-trial release subject to house arrest under circumstances where the defendant is not within the custody of the Attorney General or the United States Marshal"); see also Edwards v. United States, 41 F.3d 154 (3rd Cir.1994), cert. denied, 515 U.S. 1133 (1994); United States v. Wickman, 955 F.2d 592 (8th Cir. 1992), United States v. Browning, 761 F. Supp. 681 (C.D.Cal.1991). He claims further that because he was serving a sentence on house arrest on the

same date that he was arrested, January 29, 2005, he his entitled to credit from the time the State removed the bracelet and notified "the Federal pre trial." There is, however, no indication how much credit he is seeking, whether this credit was applied to another sentence, or whether he was entitled to earn credit during the period in question.

In his final argument regarding the execution of his sentence, Mr. Cofield claims that he is entitled to have any credit to his sentence applied 'nunc pro tunc' pursuant to 18 U.S.C. § 3621. Without a single, valid claim to sentencing credit his final claim is irrelevant.

*Safety Valve*

The balance of Mr. Cofield's petition attacks his criminal convictions and the imposition of his state and federal sentences. While it is not entirely clear exactly how petitioner would like the court to resolve his concerns, this court lacks the subject matter jurisdiction to set aside or vacate his sentences.

A federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." Accord United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v.

Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998)

Here, Mr. Cofield has not provided a single justification for his failure to pursue relief under § 2255 or why that remedy is legitimately inadequate to pursue his claims. A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles, 180 F.3d at 755-56; Capaldi, 135 F.3d at 1123. Having failed to satisfy his burden, the merits of Mr. Cofield's attack on his conviction cannot be addressed by this court.

*Conclusion*

Upon due consideration of the fact that Mr. Cofield has failed to raise any issue for which this court could grant habeas relief, his petition for writ of habeas corpus is dismissed pursuant to 28 U.S.C. §2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

    /s/Dan Aaron Polster 7/2/07
    DAN AARON POLSTER
    UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.